UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

ROBERT LELAND ROBINSON,

Petitioner,

v.

IDAHO,

Respondent.

Case No. 1:26-cv-00563-REP

**INITIAL REVIEW ORDER**

Petitioner Robert Leland Robinson, an inmate in the custody of the Idaho Department of Correction, initially filed the instant action in the United States District Court for the District of Arizona. The case has since been transferred to this Court.

Petitioner's pleading is entitled, "Motion Void Judgment." *See* Dkt. 1. Because the pleading appears to challenge Petitioner's state court convictions, the Court construes it as a petition for writ of habeas corpus under 28 U.S.C. § 2254. The Court must review each habeas corpus petition upon receipt to determine whether the petition is subject to summary dismissal pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases ("Habeas Rules"). Summary dismissal is appropriate where "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."[1] Habeas Rule 4.

[1] However, a court undertaking a Rule 4 review is not *required* to comb through a petitioner's exhibits or other documents—such as memoranda, affidavits, or the petitioner's state court briefing—to determine whether a petitioner may proceed past initial screening. Nor is a respondent required to consider or address such documents

The petition suffers from two major defects. First, the petition does not name a proper respondent. The proper respondent in a habeas corpus case is the warden of the facility in which Petitioner is confined. *See* Habeas Rule 2(a) (stating that the proper respondent in a habeas corpus action under 28 U.S.C. § 2254 is the "officer who has custody" of the petitioner); *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) (stating that a petitioner challenging his present physical confinement must name as respondent "the warden of the facility where the prisoner is being held").

Second, the petition does not comply with Habeas Rule 2(d), which requires that habeas petitions "substantially follow either the form appended to these rules or a form prescribed by a local district-court rule." The petition is this case does neither.

Accordingly, within 28 days after entry of this Order, Petitioner must file an amended petition naming the appropriate respondent and complying with Rule 2(d).

**ORDER**

**IT IS ORDERED:**

1. Petitioner's Application to Proceed in Forma Pauperis (Dkt. 7) is GRANTED. Petitioner must pay the $5.00 filing fee when Petitioner next receives funds in his prison trust account.

2. Within 28 days after entry of this Order, Petitioner must file an amended petition that names the proper respondent and that complies with Habeas

when responding to the petition. This is because, under Habeas Rule 2(c), the petition must "specify all the grounds for relief available to petitioner" and "state the facts supporting each ground." That is, a habeas petitioner must include—in the petition *itself*—"all of the information necessary to adjudicate that Petition." *Sivak v. Christensen*, No. 1:16-CV-00189-BLW, 2018 WL 4643043, at *2 n.3 (D. Idaho Sept. 27, 2018) (unpublished). Therefore, the Court considers only the petition itself in its Rule 4 review, not any other documents attached to the petition.

Rule 2(d).

3. The Clerk of Court is directed to provide Petitioner with this Court's form § 2254 petition, and Petitioner is encouraged and expected to use that form to draft any amended petition. If Petitioner does not file a timely amended petition that complies with Rule 2(d), this case may be dismissed without further notice.

4. Because an amended petition is required for Petitioner to proceed, Petitioner's Motion for Appointment of Counsel (Dkt. 8) is DENIED without prejudice. Petitioner may renew the request for counsel in an amended petition.

DATED: October 13, 2026

Honorable Raymond E. Patricco
Chief U.S. Magistrate Judge